## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE ESTATE OF EWELL E. LONG, BY ITS
PERSONAL REPRESENTATIVE, CAROL
A. KEISER-LONG,

        Plaintiff,

        v.

WILMINGTON SAVINGS FUND SOCIETY,
FSB; BROADRIVER III, LP; AND COOK
STREET MASTER TRUST III,

        Defendants.

C.A. No. 25-358-MN

---

### OPENING BRIEF IN SUPPORT OF
### DEFENDANTS BROADRIVER III, LP'S AND COOK STREET MASTER TRUST III'S
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
### OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

**K&L GATES LLP**

Steven L. Caponi (No. 3484)
Robert K. Beste (No. 3931)
Matthew B. Goeller (No. 6283)
Michael J. Vail (No. 6994)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
robert.beste@klgates.com
matthew.goeller@klgates.com
michael.vail@klgates.com

Dated: May 29, 2025

*Attorneys for Defendants BroadRiver III, LP
and Cook Street Master Trust III*

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDINGS ..................................................... 1

II.   SUMMARY OF ARGUMENT ............................................................................. 1

III.  STATEMENT OF FACTS .................................................................................... 3

    A. Ewell E. Long Applies for and Obtains the Policy in Florida ............................................ 3

    B. The Longs Sell the Policy After It Was Issued for Delivery and Delivered in Florida ...... 5

    C. Plaintiff Subpoenas Records About the Policy from PHL ................................................. 6

    D. Plaintiff Files This Lawsuit and Does Not Allege the Policy Was Issued for Delivery and
    Delivered in Delaware, Even After Amending the Complaint Purportedly to Address This
    Fatal Deficiency .................................................................................................................. 6

IV.   LEGAL STANDARD ........................................................................................... 8

V.    ARGUMENT ......................................................................................................... 9

    A. Plaintiff Fails to State a Claim Under Delaware's Section 2704(b) ................................. 10

        1. The Policy Was Issued for Delivery and Delivered in Florida ..................................... 10

        2. Section 2704(b) Does Not Apply to Policies Issued for Delivery and Delivered in
        Florida ............................................................................................................................ 12

    B. Plaintiff Fails to State a Claim Under Florida's Section 627.404(4) or Florida Common
    Law .................................................................................................................................... 13

    C. Plaintiff Lacks Standing to Bring Suit in Delaware ........................................................ 15

    D. Alternatively, Plaintiff Must Provide a More Definite Statement of Its Pleading ........... 19

VI.   CONCLUSION .................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Albence v. Mennella,*
   320 A.3d 212 (Del. 2024) ........................................................................ 15

*Alvin v. Suzuki,*
   227 F.3d 107 (3d Cir. 2000) ...................................................................... 8

*Appriva S'holder Litig. Co., LLC v. EV3, Inc.,*
   937 A.2d 1275 (Del. 2007) ...................................................................... 15

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .................................................................................. 8

*Atkinson v. Wal-Mart Stores, Inc.,*
   2009 WL 1458020 (M.D. Fla. May 26, 2009) ........................................ 14

*Bates v. State,*
   750 So. 2d 6 (Fla. 1999) .......................................................................... 14

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) .................................................................................. 8

*Centifanti v. Nix,*
   865 F.2d 1422 (3d Cir. 1989) .................................................................... 8

*Dover Historical Soc'y v. City of Dover Planning Comm'n,*
   838 A.2d 1103 (Del. 2003) ...................................................................... 15

*Est. of Sullivan,*
   2021 WL 4203216 (Del. Ch. Sept. 16, 2021) .................................... 12, 13

*Frank v. Wells Fargo Bank, N.A.,*
   620 F. Supp. 3d 1024 (C.D. Cal. 2022) .................................................. 18

*GFF Corp. v. Associated Wholesale Grocers, Inc.,*
   130 F.3d 1381 (10th Cir. 1997) ........................................................... 9, 11

*Goldenberg v. Indel, Inc.,*
   741 F. Supp. 2d 618 (D.N.J. 2010) ...................................................... 9, 12

*Gustavsen v. Alcon Lab'ys, Inc.,*
   272 F. Supp. 3d 241 (D. Mass. 2017), *aff'd*, 903 F.3d 1 (1st Cir. 2018) ................ 12

*Heath v. Smyther,*
   19 F. Supp. 1020 (E.D. S.C. 1937) ........................................................ 16

*Holmes v. Colonial Sch. Dist.*,
    2010 WL 4918721 (D. Del. Nov. 24, 2010) ................................................................. 9

*In re Brown's Est.*,
    52 A.2d 387 (Del. Orph. 1944) ................................................................................. 17

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir.1997)..................................................................................... 9

*Jones v. Goodman*,
    114 F. Supp. 110 (D. Kan. 1953) ............................................................................ 16

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
    313 U.S. 487 (1941) ................................................................................................ 12

*Knott v. State ex rel. Guaranty Income Life Ins. Co.*,
    186 So. 788 (Fla. 1939) ........................................................................................... 15

*Leyse v. Bank of Am. Nat. Ass'n*,
    804 F.3d 316 (3d Cir. 2015)..................................................................................... 15

*Noel v. St. Johnsburg Trucking Co.*,
    147 F. Supp. 432 (D. Conn. 1956) ........................................................................... 16

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)...................................................................................... 8

*Rapoport v. Asia Elecs. Holding Co.*,
    88 F. Supp. 2d 179 (S.D.N.Y. 2000) ........................................................................ 12

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)...................................................................................... 9

*State, Dep't of Revenue v. Zuckerman-Vernon Corp.*,
    354 So. 2d 353 (Fla. 1977) ...................................................................................... 14

*U.S. Express Lines Ltd. v. Higgins*,
    281 F.3d 383 (3d Cir. 2002)...................................................................................... 9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ................................................................................................ 16

*Wells Fargo Bank, N.A. v. Pruco Life Ins. Co.*,
    200 So. 3d 1202 (Fla. 2016) .................................................................................... 14

**Statutes**

12 Del. C. § 1302 ..................................................................................................... 17

12 Del. C. § 1307 ........................................................................................................ 17

18 Del. C. § 2701 ..................................................................................... 2, 10, 12, 19

18 Del. C. § 2704(b) ..................................................................................................... 2

Fla. Stat. § 627.401 ................................................................................................... 13

Fla. Stat. § 627.404(4) ................................................................................................ 2

**Legislation**

2008 Fla. Sess. Law Serv. Ch. 2008-36 (C.S.S.B. 648) (WEST) ................................. 14

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 8, 12, 15

Fed. R. Civ. P. 12(e) ............................................................................................... 1, 9

**Other Authorities**

E.H. Schopler, *Capacity of foreign domiciliary, or of ancillary, personal representative to maintain action for death, under statute of forum providing for action by personal representative*, 52 A.L.R.2d 1048 § 1 (originally published in 1957)............................... 16, 17

Restatement (Second) of Conflict of Laws § 188 ....................................................... 13

Restatement (Second) of Conflict of Laws § 192 ....................................................... 13

Restatement (Second) of Conflict of Laws § 6(1) cmt. b ........................................... 12

Restatement (Second) of Conflict of Laws § 6(2) ....................................................... 13

## I.    NATURE AND STAGE OF PROCEEDINGS

Defendants BroadRiver III, LP ("BroadRiver") and Cook Street Master Trust III ("CSMT III"), joined by Defendant Wilmington Savings Fund Society, FSB ("Securities Intermediary"[1]), respectfully submit this Opening Brief in Support of their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") or, in the Alternative, for a More Definite Statement ("Motion").[2] The Court should dismiss this action ("Action") pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a valid claim.  In the event the Court declines to dismiss this Action, it should alternatively order Plaintiff to file a more definite statement of its pleading pursuant to Fed. R. Civ. P. 12(e).

## II.    SUMMARY OF ARGUMENT

This is Plaintiff's second attempt to plead a cognizable claim, and it is as futile as the first. Defendants previously moved to dismiss Plaintiff's original Complaint, and in response Plaintiff chose to amend her Complaint.  However, instead of rectifying the issues Defendants identified in their motion to dismiss, Plaintiff's FAC shines an even bigger spotlight on the fatal flaws in Plaintiff's case.  Each of the three independent grounds that warranted dismissal of Plaintiff's original Complaint warrant dismissal of the FAC.

In her FAC, Plaintiff alleges she is the personal representative of the Estate of Ewell E. Long ("Estate") and is entitled to the $10 million death benefit ("Proceeds") under a life insurance

---

[1] When a bank like Wilmington Savings Fund Society, FSB serves as a securities intermediary, it does not act in its individual capacity, has no financial interest in the assets held in a securities account maintained by the bank, and acts solely in a ministerial capacity for third-party customers who beneficially own such assets.  Any life insurance policy held by a securities intermediary on behalf of a customer, such as Cook Street Master Trust III, as well as any proceeds, are held in such a securities account.  *See, e.g.*, 6 Del. C. § 8-102(a)(14)(ii).

[2] Securities Intermediary is filing its own Motion to Dismiss and supporting Opening Brief on separate grounds in addition to joining BroadRiver's and CSMT III's Motion to Dismiss and Opening Brief.

policy ("Policy") she and her husband, Ewell Long, sold nearly twenty years ago.  Plaintiff asserts a claim under either 18 Del. C. § 2704(b) ("Section 2704(b)") or Fla. Stat. § 627.404(4) ("Section 627.404(4)"), which provide that if a life insurance policy violates the state's insurable interest requirement, the insured's "executor or administrator" or "personal representative" "may maintain an action to recover such benefits from the person [] receiving them."  18 Del. C. § 2704(b); Fla. Stat. § 627.404(4).  Plaintiff fails to state a claim for three independent reasons, each of which is a sufficient basis to dismiss the FAC with prejudice.  As discussed above, Defendants previously moved to dismiss the Action on these same three grounds and Plaintiff's FAC does not allege anything new that addresses, let alone cures, these grounds for dismissal.

1.    Plaintiff's claim under Delaware's Section 2704(b) fails because Section 2704(b) applies only to policies issued for delivery and delivered in Delaware.  18 Del. C. § 2701.  The Policy was issued for delivery and delivered in Florida, not Delaware.  Plaintiff notably does <u>not</u> allege in the FAC that PHL issued for delivery and delivered the Policy in Delaware.  Section 2704(b) therefore does not apply and Plaintiff's claim under Section 2740(b) fails as a matter of law.

2.    Plaintiff's claim under Florida's Section 627.404(4) fails as a matter of law because Section 627.404(4) did not become effective until after the Policy was issued and does not apply retroactively.  The FAC does not dispute the Policy was issued after the Florida legislature enacted and made effective Section 627.404(4).

3.    Plaintiff, as the foreign representative of a foreign decedent, lacks standing to bring this Action.  Plaintiff alleges she is a California citizen and the personal representative of the Estate, which is a Florida citizen.  Under Delaware law, Plaintiff must obtain ancillary authority from a Delaware court to bring her claim in Delaware.  She claims in the FAC she "is in the process" of obtaining ancillary authority from a Delaware court but has not actually obtained such

2

ancillary authority (and had not obtained the authority at the time she filed this Action), and, therefore, she lacks standing to pursue this Action.

For all these reasons, and because Plaintiff cannot cure these defects (she already tried to do that by filing the FAC, to no avail), the Court should dismiss the FAC without leave to amend. If the Court declines to dismiss the FAC without leave to amend, the Court should alternatively order Plaintiff to file a more definite statement of its pleading as to where (i.e., which City and State) Plaintiff contends PHL issued for delivery and delivered the Policy, for the reasons discussed in Section V.D below.

III.   **STATEMENT OF FACTS**

   A.   **Ewell E. Long Applies for and Obtains the Policy in Florida**

On March 5, 2007, Ewell E. Long ("Mr. Long") formed the Ewell E. Long Irrevocable Life Insurance Trust II ("Trust"), naming his wife, Carol A. Keiser-Long ("Mrs. Long" or "Plaintiff"), as the sole beneficiary and Robert D. Wilcox ("Mr. Wilcox") as the trustee. FAC ¶ 37 (citing FAC Ex. A, the "Trust Agreement"). The Trust Agreement lists the addresses of Mr. Long, Mrs. Long, and Mr. Wilcox, all in Florida. *See* FAC Ex. A at H-AMT203991. The Trust Agreement also states: "The laws of the state of trust administration, without regard to conflicts of law principles, shall govern the validity, construction, and administration of this Trust together with the rights, duties and relationships of the parties hereto, the Policy and all other Trust assets." *Id.* at H-AMT203999. The Trust Agreement further reflects that the Trust was administered in Florida, where the trustee, Mr. Wilcox, was located and, among other things, maintained Trust records, received Trust notices, and sent Trust communications from. *See id.* at H-AMT203991, H-AMT203997 to H-AMT203999.

The FAC also alleges the Policy "was a Delaware life insurance policy." FAC ¶ 15. However, the FAC does not allege PHL Variable Insurance Company ("PHL")—the life insurance

company that issued the Policy—issued for delivery or delivered the Policy in Delaware. The FAC only alleges "the Trust—whose situs and domicile was Delaware—accepted delivery of the Policy." *Id.* ¶ 52. This allegation is vague, but to the extent Plaintiff alleges PHL issued for delivery and/or delivered the Policy to a trust "whose situs and domicile was Delaware," that is false and contradicted by the documents the FAC references, which establish the Policy was issued for delivery and delivered to the Trust and/or Mr. Long ***in Florida***. The Application for Life Insurance ("Application") shows that on March 23, 2007, Mr. Long and the Trust, by its trustee, Mr. Wilcox, applied for the Policy with PHL. *See* Declaration of Matthew B. Goeller and Request for Judicial Notice in Support of BroadRiver's and CSMT III's Motion ("Goeller Decl. & RJN") Ex. 1. Mr. Long, a Florida resident and the insured under the Policy, signed the Application in Florida, and Mr. Wilcox, as the trustee of the Trust owner, signed the Application in Florida. *Id.* at 6. The life insurance agent (or "Licensed Producer") also signed the Application in Florida and listed her Florida producer's license I.D. number. *Id.* The Application was a Florida form, as shown by the "OL4250FL" in the left footer. *See id.* The Application identified Mr. Long's home address in Belleair, Florida and Mr. Wilcox's office address in Jacksonville, Florida. *Id.* at 1.

Because both the Policy's owner (the Trust) and the insured (Mr. Long) were in Florida, PHL issued the Policy for delivery in Florida.[3] The cover page for the Policy, on the "05PAUL" and Florida (as indicated by the "FL" in the footer) form, states: "This policy may be returned . . . after ***you*** receive it" (*id.* Ex. 2 at U001FLF1, emphasis added), and the Policy defines "you" as "the owner of this policy as defined in Section 17." *Id.* at 9. Section 17 further states, "The Insured is the owner of this policy, unless otherwise provided in the application[.]" *Id.* at 18. Thus, PHL issued the Policy for delivery to the Trust (the owner), Mr. Long (the insured), or both. In any of

---

[3] The Licensed Producer also was in Florida. *See* Goeller Decl. & RJN Ex. 1 at 6.

these scenarios, PHL issued the Policy for delivery in Florida, with an April 11, 2007 Issue Date. *Id.* at U001FLF1.

Section 15 of the Policy also states, "Any benefits provided are not less than that required by ***law of the state where this policy was delivered***. We may defer payment of surrender values as provided by law or as provided in Section 25." *Id.* (emphasis added). Section 25 states, "If we defer payment of a surrender value . . . we will pay interest at the rate specified by ***Florida Statutes*** in effect at the time of such request." *Id.* at 20 (emphasis added). The reference to Florida law in Section 25 reflects PHL delivered the Policy in Florida. *See also id.* at 1, 6, 8, 11, 14, 16-20 ("U001FL" form codes in bottom right footer of the Policy). Notably, PHL filed copies of the Application Form (OL4250FL) and Policy Form (05PAUL) for the Policy with the Florida Department of Insurance. *See id.* Ex. 3. Among other things, PHL's submission to the Florida Department of Insurance includes a February 10, 2006 letter from PHL to Mr. Kevin McCarty of the Florida Department of Insurance, which states PHL filed the referenced forms "for approval in your jurisdiction" and "are filed in accordance with the applicable statutes and regulations of your jurisdiction[.]" *Id.* Ex. 4. PHL's submission also includes a "Certification Statement" regarding "individual policies issued in Florida[.]" *Id.* Ex. 5.

### B. The Longs Sell the Policy After It Was Issued for Delivery and Delivered in Florida

The FAC alleges Mr. and Mrs. Long sold their beneficial interest in the Trust by written agreement dated April 23, 2007. FAC ¶¶ 44-47. Specifically, Plaintiff attaches as Exhibit B to the FAC a Successor Trustee Agreement dated April 23, 2007, which is after the Policy's April 11, 2007 Issue Date. *See* Goeller Decl. & RJN Ex. 2 at U001FLF1. The Successor Trustee Agreement states "the Trust is the policy owner of, and policy beneficiary under, a life insurance policy, on the life of the Insured, heretofore ***issued for delivery to the Trust in the State of***

***Florida***." FAC Ex. B ¶ 5 (emphasis added).  The Successor Trustee Agreement also states Mr. Wilcox entered into the agreement "in his existing capacity as the current Trustee" and acted "as the legally authorized representative of the Trust."  *Id.* at 1.

     **C.**    **Plaintiff Subpoenas Records About the Policy from PHL**

On or about November 21, 2024, approximately three months before filing this Action, Plaintiff served a subpoena on PHL requesting "[a]ll documents relating to any life insurance policies issued by [PHL] insuring the life of Ewell E. Long[.]"  *Id.* Ex. 6 at 3.

     **D.**    **Plaintiff Files This Lawsuit and Does Not Allege the Policy Was Issued for Delivery and Delivered in Delaware, Even After Amending the Complaint Purportedly to Address This Fatal Deficiency**

On March 7, 2025, Plaintiff filed this Action in the Superior Court of the State of Delaware seeking to recover the Proceeds.  On March 21, 2025, Defendants removed the Action.  D.I. 1.  On April 24, 2024, Defendants moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint failed to state a valid claim for three independent reasons: (1) Delaware's Section 2704(b) does not apply because the Policy was issued for delivery and delivered in Florida, not Delaware; (2) Florida's Section 627.404(4) does not apply because it did not become effective until after the Policy was issued and does not apply retroactively; and (3) Plaintiff does not have the requisite ancillary authority to bring this Action in Delaware.  *See* D.I. 11, D.I. 12.  In response to Defendants' motion to dismiss, on May 15, 2025, Plaintiff filed the FAC.  D.I. 26.  The FAC does not address, let alone cure, the grounds for dismissal in Defendants' April 24, 2024 motion to dismiss.  To the contrary, the FAC further highlights the futility of Plaintiff's case.

First, the fact remains the Policy was issued for delivery and delivered in Florida, not Delaware, and thus Delaware's Section 2704(b) does not apply.  Plaintiff notably does not challenge this fact in her FAC, because the FAC does not allege PHL issued for delivery or delivered the

Policy in Delaware.  Indeed, Plaintiff <u>removed</u> from her FAC the false allegation she made in her original Complaint that the Policy was issued "to a Delaware trust" (*see* D.I. 12 at 8 of 24) and does not say anything about where the Policy was issued for delivery and delivered.

Second, the fact remains, and the FAC does not dispute, PHL issued the Policy before Florida's Section 627.404(4) was enacted and became effective in 2008.  Thus, the application of Section 627.404(4) remains a question of law appropriate for dismissal because it does not and cannot provide Plaintiff a cause of action because it does not apply retroactively.

Third, the fact remains Plaintiff has not obtained the requisite ancillary authority to bring this Action in Delaware. The FAC does not allege Plaintiff has been authorized to proceed as the Estate's administrator or executor in Delaware.  Rather, the FAC acknowledges Plaintiff does <u>not</u> have such authority (and did not have such authority at the time she filed this Action and the FAC) by alleging Plaintiff "is in the process of obtaining" authority—which is irrelevant. *Id.*

The FAC alleges the Estate is a Florida citizen, Mr. Long was a Florida resident, and Mrs. Long is a California citizen.  FAC ¶ 3.  Plaintiff asserts a claim for "Recovery of Insurance Proceeds Due to Lack of Insurable Interest Under Delaware Law" (*id.* at 17) and cites Delaware's Section 2704(b). *Id.* ¶ 60.  The FAC does not allege where PHL issued for delivery and delivered the Policy.  Rather, it only makes the vague allegation "the Trust—whose situs and domicile was Delaware—accepted delivery of the Policy" (*id.* ¶ 52), which is shown to be false by the documents the FAC references, and the incorrect allegation that the Policy "is governed by and subject to Delaware law, including because the Policy is a 'trust-owned life insurance policy' pursuant to 18 *Del. C.* § 2704(g), and because Delaware has the most significant relationship to the Policy." *Id.* ¶ 59.

Plaintiff asserts a second claim, in the alternative, for "Recovery of Insurance Proceeds Due to Lack of Insurable Interest Under Florida Law" (*id.* at 18) and cites Florida's Section 627.404(4). *Id.* ¶ 66.

## IV.   LEGAL STANDARD

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) when it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555.

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

A district court may dismiss the complaint with prejudice if "an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The "court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989).

In deciding a motion to dismiss, "a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary

judgment." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (finding documents referenced in the complaint to control over any allegations the documents contradict). The Court may also take judicial notice of matters of public record. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

"Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is 'so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading.'" *Holmes v. Colonial Sch. Dist.*, 2010 WL 4918721, at *1 (D. Del. Nov. 24, 2010). A motion for a more definite statement should be granted where the pleading is either unintelligible or "the issues cannot be determined." *Id.*

## V.    ARGUMENT

The Court should dismiss the FAC in its entirety, with prejudice and without leave to amend, because Plaintiff fails to state a claim for which relief can be granted. ***First***, the documents relied upon in the FAC establish PHL issued the Policy for delivery and delivered the Policy in Florida. The Policy therefore is governed by Florida law and Plaintiff has no claim to the Proceeds under Delaware's Section 2704(b). ***Second***, Plaintiff has no right to recovery under Florida's Section 627.404(4) (or Florida's common law, which Plaintiff references in passing) because Section 627.404(4), which created an estate's right to recover policy proceeds for lack of insurable interest for the first time in Florida, did not take effect until after the Policy was issued and does not apply retroactively. ***Third***, Plaintiff has not obtained authorization from a Delaware court to

proceed with this Action as an administrator or executor of the Estate, as Delaware law requires. Plaintiff acknowledges this is a requirement by alleging she "is in the process of obtaining" the requisite authority, but she does not and cannot allege she has obtained that authority and had that authority at the time she filed this Action and the FAC.

If the Court declines to dismiss the FAC, the Court should alternatively order Plaintiff to file a more definite statement of its pleading as to where Plaintiff contends PHL issued for delivery and delivered the Policy, for the reasons discussed in Section V.D below.

## A.      Plaintiff Fails to State a Claim Under Delaware's Section 2704(b)

Plaintiff cites Section 2704(b) as one basis for its claim to the Proceeds.  FAC ¶ 60. Plaintiff also alleges Delaware law governs the Policy "because the Policy is a 'trust-owned life insurance policy' pursuant to 18 *Del. C.* § 2704(g), and because Delaware has the most significant relationship to the Policy."  *Id.* ¶ 59.  Sections 2704(b) and 2704(g) are part of Chapter 18 of the Delaware Code.  Section 2701 of Chapter 18 states that "this Chapter" applies solely to policies "issued for delivery" and "delivered" in Delaware.  18 Del. C. § 2701.  The FAC fails to allege the Policy was issued for delivery and delivered in Delaware.

### 1.      The Policy Was Issued for Delivery and Delivered in Florida

Plaintiff does not allege PHL issued for delivery or delivered the Policy in Delaware, and Plaintiff's vague allegations the Policy "was a Delaware life insurance policy" (FAC ¶ 15) and "the Trust—whose situs and domicile was Delaware—accepted delivery of the Policy" (*id.* ¶ 52) are false, as shown by the documents that are "integral to" and "explicitly relied upon" in Plaintiff's allegations and documents the Court may take judicial notice of.  *See* Goeller Decl. & RJN.  ***First***, the Trust Agreement (FAC Ex. A) establishes the Trust was a Florida trust with a Florida trustee. ***Second***, the Policy Application (Goeller Decl. & RJN Ex. 1) was a Florida form, approved by the Florida Insurance Department.  *See id.* Ex. 3.  It shows Mr. Long, a Florida resident, applied for

the Policy, and the Florida Trust applied to be the owner through its Florida trustee, Mr. Wilcox. *See id.* Ex. 1.   **Third**, the Policy (*id.* Ex. 2) is a Florida form also approved by the Florida Department of Insurance (*see id.* Ex. 3), which PHL certified for "policies issued in Florida."   *Id.* Ex. 5.   The Policy states PHL would comply with the "law of the state where this policy ***was delivered*** . . . as provided in Section 25" (*id.* Ex. 2 at 18), and Section 25 provides it is governed by the "Florida Statutes[.]"   *Id.* at 20.   **Fourth**, the Successor Trustee Agreement (FAC Ex. B) states the Policy was "issued for delivery to the Trust in the State of Florida."   *Id.* ¶ 5.   Paragraph 5 of the Successor Trustee Agreement is consistent with and reinforces the aforementioned documents establishing PHL issued for delivery and delivered the Policy in Florida.   The Policy was not "delivered to the place of business in Delaware of the trustee of said trust" (18 Del. C. § 2704(g)), nor was it issued for delivery or delivered to anyone in Delaware, thus Plaintiff's allegation Delaware law applies is without merit.   The Successor Trustee Agreement confirms as of all dates before April 23, 2007, including the Policy's April 11, 2007 Issue Date (Goeller Decl. & RJN Ex. 2 at U001FLF1), Mr. Wilcox, in Florida, was the "current Trustee" and "legally authorized representative of the Trust" (FAC Ex. B at 1) to whom the Policy was issued for delivery and delivered.

These documents contradict Plaintiff's vague allegations that the Policy "was a Delaware life insurance policy" (FAC ¶ 15) and the Trust "accepted delivery of the Policy" while its "situs and domicile was Delaware."   *Id.* ¶ 52.   Plaintiff cannot plead around the facts by choosing not to attach all the relevant documents (which, presumably, she obtained through her subpoena to PHL). *See, e.g.*, *GFF Corp.*, 130 F.3d at 1385 ("If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon

which the plaintiff relied."[4]).    In *Goldenberg*, for example, the New Jersey District Court recognized the long-accepted principle that in deciding a motion to dismiss, a court may consider "documents about which there is no dispute as to authenticity, and to the extent they contradict the Complaint's factual allegations, the documents will control."  *Goldenberg*, 741 F.Supp.2d at 624; *see also Gustavsen v. Alcon Lab'ys, Inc.*, 272 F. Supp. 3d 241, 246 (D. Mass. 2017), *aff'd*, 903 F.3d 1 (1st Cir. 2018) (noting when "a complaint's factual allegations are expressly linked to— and admittedly dependent upon—a document" and "such documents contradict an allegation in the complaint, the document trumps the allegation."); *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (finding documents referenced in complaint "contradict[ed] Plaintiffs' allegations and, therefore, this Court must grant Defendants' motion to dismiss").

## 2.    Section 2704(b) Does Not Apply to Policies Issued for Delivery and Delivered in Florida

The documents referenced in the FAC establish the Policy was issued for delivery and delivered in Florida, therefore Delaware's Section 2704(b) does ***not*** apply.  18 Del. C. § 2701.  In a choice-of-law analysis, Delaware's choice-of-law rules apply as the forum state.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (federal court sitting in diversity must apply the choice-of-law rules of the forum state).  Delaware choice-of-law "is subject to the analysis of the Restatement (Second) of Conflict of Laws (the 'Restatement').").  *Est. of Sullivan*, 2021 WL 4203216, at *2 (Del. Ch. Sept. 16, 2021).  Restatement Section 6 "provides the general framework" for that analysis.  *Id.* at *5.  Under that framework, "[i]f the legislature intended that [a] statute should be applied only to acts taking place within the state, the statute should not be given a wider range of application."  Restatement § 6(1) cmt. b.  Here, Section 2704(b) applies only to policies

---

[4] Nor can Plaintiff plead around the facts by alleging the Policy "was a Delaware life insurance policy."  FAC ¶ 15.  This is a legal conclusion that the Court need not accept as true on a motion to dismiss under Rule 12(b)(6).

issued for delivery and delivered in Delaware, and the Court should not give the statute "a wider range of application."

Because Delaware law, by its terms, does not apply, the Court need not conduct a further choice-of-law analysis. However, if it did so, it would find Florida law applies. Under Delaware's choice-of-law analysis, the Court must consider Restatement § 6(2) in light of Restatement § 188 (contracts in general) and § 192 (life insurance). *Sullivan*, 2021 WL 4203216, at *5. Section 192 states: "The validity of a life insurance contract issued to the insured upon his application and the rights created thereby are determined [] by the local law of the state where the insured was domiciled at the time the policy was applied for[.]" That is Florida here. *See* Goeller Decl. & RJN Ex. 1 at 1 (Mr. Long's address in Florida on Application); FAC Ex. A at H-AMT203991 (same address for Mr. Long on Trust Agreement). The other relevant factors under Restatement § 188 regarding the state with the most significant relationship also support the application of Florida law. They are place of contracting, place of negotiation, place of performance, location of subject matter, and domicile of parties. Because the Policy insured Mr. Long, a Florida resident, and was originally issued to Mr. Long and/or the Trust in Florida, Florida is the place for all these factors. Plaintiff's conclusory allegation "Delaware has the most significant relationship to the Policy" (FAC ¶ 59) is, therefore, false.

Accordingly, Delaware law does not apply, and Plaintiff fails to state a claim under Delaware's Section 2704(b).

**B.**    **Plaintiff Fails to State a Claim Under Florida's Section 627.404(4) or Florida Common Law**

Plaintiff also cites Section 627.404(b) as an alternative basis for its claim to the Proceeds. FAC ¶ 66. Florida's insurable interest statute applies to policies issued for delivery and delivered in Florida. Fla. Stat. § 627.401. Whether PHL issued the Policy for delivery and delivered the

Policy to Mr. Long, the insured, or Mr. Wilcox, the owner (as the Trust's trustee), or both, PHL issued the Policy for delivery and delivered it in Florida, and Florida law applies. The Successor Trustee Agreement Plaintiff relies on (FAC Ex. B) only further supports the application of Florida law, as it plainly states the Policy was "issued for delivery to the Trust in the State of Florida." *Id.* ¶ 5. Plaintiff acknowledges this by bringing a Section 627.404(b) claim in the alternative "to the extent that this Court finds that the Policy is governed by Florida law." FAC ¶ 65.

Section 627.404(4) became effective after PHL issued the Policy and does not apply retroactively. The Florida Legislature provided that 627.404(4), among other amendments to the statute at the time, "shall take effect July 1, 2008." 2008 Fla. Sess. Law Serv. Ch. 2008-36 (C.S.S.B. 648) (WEST), § 3. The Florida Supreme Court has stated that where the Legislature includes an effective date in a statutory provision, it "effectively rebuts any argument that retroactive application of the law was intended." *State, Dep't of Revenue v. Zuckerman-Vernon Corp.*, 354 So. 2d 353, 358 (Fla. 1977). "In Florida, without clear legislative intent to the contrary, a law is presumed to apply prospectively. [] Retroactive application of the law is generally disfavored [] and any basis for retroactive application must be unequivocal and leave no doubt as to the legislative intent." *Bates v. State*, 750 So. 2d 6, 10 (Fla. 1999); *see also Atkinson v. Wal-Mart Stores, Inc.*, 2009 WL 1458020, at *3-4 (M.D. Fla. May 26, 2009) (finding the amendments adding Section 627.404(4) created an estate's statutory right of recovery "for the first time" in Florida with "no indication in the relevant staff analysis or statutory notes that the amendments were meant to apply retroactively.").

In the FAC, Plaintiff cites *Wells Fargo Bank, N.A. v. Pruco Life Ins. Co.*, 200 So. 3d 1202, 1203 (Fla. 2016) for the proposition that the Florida Supreme Court applied Fla. Stat. § 627.404 to policies issued in 2006. FAC ¶ 22. This is a red herring. Florida has long had an insurable

interest requirement, codified in Fla. Stat. § 627.404, which applies to policies issued for delivery and delivered in Florida irrespective of the issue date. *See, e.g.*, *Knott v. State ex rel. Guaranty Income Life Ins. Co.*, 186 So. 788, 789-790 (Fla. 1939). Thus, the Florida court's application of Fla. Stat. § 627.404 to a policy issued in 2006 is unremarkable. However, Florida's Section 627.404(4)—which created an estate's right to recover policy proceeds for lack of insurable interest for the first time in Florida—was not at issue in *Pruco*, which was a case brought by a life insurance carrier, not an estate. Plaintiff's suggestion that *Pruco* supports retroactive application of Florida's Section 627.404(4), which was not at issue or even mentioned in *Pruco*, is baseless.

Section 627.404(4), by its terms, became effective on July 1, 2008. It does not apply retroactively to the Policy, which was issued over a year earlier, on April 11, 2007. *See* Goeller Decl. & RJN Ex. 2 at U001FLF1. Nor is there any basis for Plaintiff's estate claim under Florida common law. Accordingly, Plaintiff fails to state a claim under Section 627.404(4).

### C.    Plaintiff Lacks Standing to Bring Suit in Delaware

The Court also should dismiss the FAC because Plaintiff has not obtained the proper ancillary authority to bring this Action in the State of Delaware. Plaintiff merely alleges she "is in the process of obtaining" the requisite authority (FAC ¶ 3) but does not allege she has in fact obtained such authority, let alone that she had such authority at the time she filed the Action and FAC. Plaintiff therefore lacks standing to bring a claim under either Section 2704(b) or Section 627.404(4) in a Delaware court. A motion to dismiss under Rule 12(b)(6) is the appropriate motion where the plaintiff lacks statutory standing. *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015); *accord Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007); *Albence v. Mennella*, 320 A.3d 212, 220-21 (Del. 2024). "The party invoking the jurisdiction of a court bears the burden of establishing the elements of standing." *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1109 (Del. 2003).

"It is an elementary principle that, as a general proposition, letters testamentary or of administration have no legal force or effect beyond the territorial limits of the state in which they are granted." E.H. Schopler, *Capacity of foreign domiciliary, or of ancillary, personal representative to maintain action for death, under statute of forum providing for action by personal representative*, 52 A.L.R.2d 1048 § 1 (originally published in 1957). Indeed, the United States Supreme Court has acknowledged the "vast majority" of American jurisdictions "require that, as a condition of qualifying to bring suit, a foreign executor or representative must obtain ancillary appointment or perform some preliminary act." *Van Dusen v. Barrack*, 376 U.S. 612, 623-24 (1964). "Consequently, a personal representative cannot sue in his official capacity in the courts of any country or state other than that from which he derives his authority to act by virtue of letters there granted to him, unless such authority is granted by statute or as a matter of comity." 52 A.L.R.2d 1048 § 1; *see also Noel v. St. Johnsburg Trucking Co.*, 147 F. Supp. 432, 433 (D. Conn. 1956) (foreign administrator could not collect assets on behalf of estate without ancillary appointment unless assets were voluntarily relinquished); *Heath v. Smyther*, 19 F. Supp. 1020, 1020 (E.D. S.C. 1937) ("It seems to be well settled in South Carolina, and elsewhere, that a foreign administrator cannot support a suit in another state, in either a state or federal court, unless by force of some law of the forum."). This requirement is particularly enforced where, as here, an action is instituted in one state for the benefit of an estate being administrated by the personal representative in another state. *See Jones v. Goodman*, 114 F. Supp. 110, 118-19 (D. Kan. 1953). Therefore, Plaintiff, as a foreign personal representative—an alleged California citizen who allegedly represents the Estate, an alleged Florida citizen—lacks the capacity to sue on the Estate's behalf in *Delaware*, *i.e.*, outside of the locale of appointment (Florida), unless a state (Delaware) specifically authorizes a foreign personal representative to litigate in its borders, or such authority

16

is conferred as a matter of comity.  *See* 52 A.L.R.2d 1048 § 1.

Under Delaware law, Plaintiff, as a foreign representative (allegedly a California citizen) of a foreign estate (allegedly a Florida citizen) of a foreign decedent, Mr. Long (allegedly a Florida resident at the time of his death) has no inherent authority to take action in Delaware.  Delaware limits its jurisdiction over claims relating to a decedent's estate only to claims relating to the decedent's goods or chattels, rights or credits, or lands or tenements located in Delaware.  *See, e.g.*, 12 Del. C. § 1302 (permitting a will to be proved before the Register of Wills in any county where a non-resident testator had "goods or chattels, rights or credits, or lands or tenements"); 12 Del. C. § 1307 (permitting a "testator who died domiciled outside [Delaware], but who owned real estate or personal property located in [Delaware]" to be admitted to probate and recorded in Delaware); *see also In re Brown's Est.*, 52 A.2d 387, 391 (Del. Orph. 1944) ("Where property of the decedent is located in another state than that of the domicile, it is often necessary to obtain ancillary letters of administration in that jurisdiction.  When this course is taken the ancillary administrator has no authority outside of the jurisdiction of his appointment but it is his duty to administer all the estate of the decedent *found there*[.]") (emphasis added).  Moreover, the plain language of Section 2704(b) and Section 627.404(4) does not give a foreign personal representative the capacity to sue.  Nor does Delaware or Florida common law give a personal representative of a Florida estate the capacity to sue in Delaware.  A foreign representative of a foreign estate of a foreign decedent needs to obtain ancillary authority in Delaware to administer assets of the foreign decedent's estate "found" in Delaware.  The FAC fails to allege these necessary facts and, therefore, is incurably deficient on this independent basis.

*First*, Plaintiff has not alleged that she, as the Estate's alleged "personal representative," obtained any ancillary authority in Delaware, as required by both common law and Delaware law.

17

Plaintiff acknowledges this is a requirement by alleging she "is in the process of obtaining" the requisite authority, but Plaintiff does not allege she has obtained that authority, let alone that she had such authority at the time she filed the Action and FAC. Plaintiff's claim fails for this reason—Plaintiff has no authority, and therefore no standing, to bring this Action unless and until it obtains ancillary authority to bring this lawsuit. *See Frank v. Wells Fargo Bank, N.A.*, 620 F. Supp. 3d 1024, 1027 (C.D. Cal. 2022). Plaintiff's allegation she has started the process of trying to obtain the proper authority is of no consequence.

**Second**, the FAC does not allege the monies Plaintiff seeks in this Action are "found" in Delaware—as would be required for the Estate's alleged "personal representative" to exercise ancillary authority as a foreign representative of a foreign estate of a foreign decedent, even if Plaintiff had complied with the proper procedure for obtaining the same. The FAC must, therefore, be dismissed because Plaintiff has no authorization to proceed as a foreign representative of a foreign estate of a foreign decedent in Delaware courts.

Recently, a federal district court examined a statutory standing issue under Section 2704(b). In *Frank*, the plaintiff filed a claim under Delaware's Section 2704(b) for recovery of insurance proceeds under his father's life insurance policy. *Frank*, 620 F. Supp. 3d at 1026. Despite not having been appointed executor of the estate by the probate court, the plaintiff argued he had standing to bring his claim because he was named in his father's will as the estate's executor. *Id*. at 1027. The court determined plaintiff lacked statutory standing to bring his claim under Section 2704(b) because "only the probate court can transform an executor-in-waiting into a duly appointed executor." *Id*. Notwithstanding differences in the facts—namely, Plaintiff is allegedly the Estate's "personal representative," whereas the *Frank* plaintiff had not been appointed in any official capacity in any state—the underlying principle of the *Frank* court's

holding applies here with equal strength: Plaintiff cannot bring a claim under Section 2704(b) or Section 627.404(4) (or under Delaware or Florida common law) *in Delaware* unless Plaintiff has been duly appointed by the proper *Delaware* authority.  Like the plaintiff in *Frank*, Plaintiff here lacks statutory standing to bring its claim because she does not have authority to bring suit in Delaware.  Accordingly, as in *Frank*, the Court should dismiss the FAC with prejudice and without leave to amend.

D.  **Alternatively, Plaintiff Must Provide a More Definite Statement of Its Pleading**

Plaintiff's allegation the Trust "accepted delivery of the Policy" while its "situs and domicile was Delaware" (FAC ¶ 52) does not allege ***where PHL issued for delivery and delivered*** the Policy, which is necessary to establish which state's law applies to Plaintiff's claim for "recovery of insurance proceeds due to lack of insurable interest."  FAC at 17-18.  As noted above in Section V.A, Chapter 18 of the Delaware Code states "this Chapter"—which includes Section 2704(b)—applies solely to policies "issued for delivery" and "delivered" in Delaware.  18 Del. C. § 2701.  Plaintiff's FAC does not allege (i) where PHL issued the Policy for delivery to or (ii) where PHL delivered the Policy to and, therefore, does not provide a sufficiently definite statement for Defendants to reasonably formulate a response.

Defendants maintain the FAC can and should be dismissed now, with prejudice without leave to amend, because Plaintiff fails to state a claim under Delaware or Florida law and also lacks standing to bring this suit in Delaware.  However, in the event the Court declines to dismiss the FAC without leave to amend, Plaintiff must definitively allege where PHL issued for delivery and delivered the Policy for Defendants to be able to reasonably respond to Plaintiff's claim Delaware's Section 2704(b) applies.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the FAC in its entirety with prejudice and without leave to amend, and grant such other and further relief as the Court deems just and proper under the circumstances.  In the event the Court declines to dismiss the FAC without leave to amend, it should order Plaintiff to file a more definite statement of its pleading as to where Plaintiff contends PHL issued for delivery and delivered the Policy.

Dated:  May 29, 2025                              **K&L GATES LLP**

                                                  */s/ Steven L. Caponi*
                                                  Steven L. Caponi (No. 3484)
                                                  Robert K. Beste (No. 3931)
                                                  Matthew B. Goeller (No. 6283)
                                                  Michael J. Vail (No. 6994)
                                                  600 N. King Street, Suite 901
                                                  Wilmington, DE 19801
                                                  Phone: (302) 416-7000
                                                  steven.caponi@klgates.com
                                                  robert.beste@klgates.com
                                                  matthew.goeller@klgates.com
                                                  michael.vail@klgates.com

                                                  *Attorneys for Defendants BroadRiver*
                                                  *III, LP and Cook Street Master Trust*
                                                  *III*