# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE ESTATE OF EWELL E. LONG, BY ITS PERSONAL REPRESENTATIVE, CAROL A. KEISER-LONG,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB; BROADRIVER III, LP; AND COOK STREET MASTER TRUST III,<br><br>Defendants. | C.A. No. 25-358-MN |

**DEFENDANTS BROADRIVER III, LP'S AND COOK STREET MASTER TRUST III'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT[1]**

**K&L GATES LLP**
Steven L. Caponi (No. 3484)
Robert K. Beste (No. 3931)
Matthew B. Goeller (No. 6283)
Michael J. Vail (No. 6994)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
robert.beste@klgates.com
matthew.goeller@klgates.com
michael.vail@klgates.com

*Attorneys for Defendants BroadRiver III, LP and Cook Street Master Trust III*

Dated: July 17, 2025

---

[1] The capitalized terms used herein have the same meanings assigned them in BroadRiver III, LP's and Cook Street Master Trust III's Opening Brief in Support of their Motion to Dismiss (D.I. 29).

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. PHL ISSUED THE POLICY FOR DELIVERY AND DELIVERED IT IN FLORIDA...... 2

III. FLORIDA'S ESTATE CLAIM STATUTE WAS ENACTED AFTER PHL ISSUED THE POLICY, AND IT DOES NOT APPLY RETROACTIVELY ......................................................... 4

IV. PLAINTIFF LACKS STANDING TO BRING ITS CLAIMS ........................................... 7

    A. Section 2704(b) Does Not Grant Plaintiff Standing ............................................................ 7

    B. Delaware Does Not Extend Comity and Plaintiff Cannot Cure Lack of Standing ............. 8

    C. Plaintiff's Speculation About What the Delaware Supreme Court *Might* Hold If These Issues *Were* Before It Is Irrelevant ......................................................................................... 9

    D. Plaintiff Must Plead the Assets It Seeks Are Located in Delaware ................................. 10

V. CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Atkinson v. Wal-Mart Stores, Inc.*,
  2009 WL 1458020 (M.D. Fla. May 26, 2009) ............................................................... 1, 4, 6

*Brighthouse Life v. Geronta Funding*,
  2019 WL 8198323 (Del. Super. 2019) ............................................................................ 3, 4

*Eliason v. Englehart*,
  733 A.2d 944 (Del. 1999) ................................................................................................... 8

*Fidelity Ins. v. Niven*,
  10 Del. 416 (Del. 1878) ...................................................................................................... 9

*Haddon v. FS Invs. of Am., Inc.*,
  2024 WL 5078380 (M.D. Fla. Dec. 11, 2024) ................................................................... 9

*Intellectual Ventures I LLC v. AT&T Mobility, LLC*,
  203 F. Supp. 3d 436 (D. Del. 2016) ................................................................................... 9

*Jefferson v. Ellenberger*,
  2023 WL 8810801 (M.D. Pa. Dec. 20, 2023) .................................................................... 3

*Landgraf v. USI Film Prods.*,
  511 U.S. 244 (1994) ........................................................................................................... 5

*Menendez v. Progressive Exp. Ins. Co.*,
  35 So. 3d 873 (Fla. 2010) ................................................................................................... 4

*N.Y. Tr. Co. v. Riley*,
  16 A.2d 772 (Del. 1940) ............................................................................................... 8, 10

*People's Tr. Ins. Co. v. Island Roofing & Restoration, LLC*,
  320 So. 3d 817 (Fla. Ct. App. 2021) .................................................................................. 9

*Silliman v. DuPont*,
  302 A.2d 327 (Del. Super. Ct. 1972) ................................................................................. 9

*Stuart Kingston, Inc. v. Robinson*,
  596 A.2d 1378 (Del. 1991) ................................................................................................ 9

*Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n*,
  2016 WL 161598 (S.D. Fla. Jan. 14, 2016) ....................................................................... 3

*Wells Fargo Bank, N.A. v. Pruco Life Ins. Co.*,
  200 So. 3d 1202 (Fla. 2016) ............................................................................................... 7

*Zambrana v. State*,
  118 A.3d 773 (Del. 2015) ................................................................................................ 8

**Statutes**

12 Del. Code § 1565 ............................................................................................................. 8, 10

12 Del. Code § 1566 ............................................................................................................. 8, 10

18 Del. C. § 2701 .................................................................................................................... 1, 2

18 Del. C. § 2704(b) ................................................................................................. 1, 2, 7, 8, 10

18 Del. C. § 2704(g) ..................................................................................................................... 2

Fla. Stat. § 627.401(2) ................................................................................................................. 4

Fla. Stat. § 627.404(4) ................................................................................................... 1, 4, 5, 6, 7

**Legislation**

2008 Fla. Sess. Law Serv. Ch. 2008-36 (C.S.S.B. 648) (WEST) ................................................. 4

**Other Authorities**

Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1347 (4th ed.) ..................................................... 5

I.     **INTRODUCTION**

The Estate's Opposition confirms the Estate has no cognizable claim.  ***First***, the Estate has no claim under Delaware law.  The Estate argues "the Policy was either issued for delivery or actually delivered in Delaware" (Opp. at 8), but it does not, and cannot, rebut the documents it relies on in the FAC establishing PHL issued the Policy for delivery and delivered it in Florida.  Rather than address these documents, the Estate argues it should be able to assert a claim under 18 Del. C. § 2704(b) because (1) "Ocean Gate intended that the Trust and the Policy be governed by Delaware law"; and (2) Delaware has the "most significant relationship" to the claims in this case.  Opp. at 3, 12.  As to (1), whether Ocean Gate intended the Trust to be governed by Delaware law is irrelevant.  Under 18 Del. C. § 2701, Section 2704(b) does not apply to policies, like the Policy, that were "not issued for delivery in [Delaware] nor delivered in [Delaware]."  As to (2), Delaware does not have the most significant relationship.  Indeed, under Section 2701, Delaware claims no interest whatsoever in policies issued for delivery and delivered in Florida.

***Second***, the Estate has no claim under Florida law.  Florida's estate claim statute, Fla. Stat. § 627.404(4), did not exist when PHL issued the Policy, and it does not apply retroactively.  The Estate attempts to distinguish *Atkinson v. Wal-Mart Stores, Inc.*, 2009 WL 1458020, at *3-4 (M.D. Fla. May 26, 2009), but it cannot distinguish the fact that Section 627.404(4) created "for the first time" an estate's statutory right of recovery with "no indication in the relevant staff analysis or statutory notes that the amendments were meant to apply retroactively."

***Third***, the Estate does not have standing to bring any of its claims in Delaware because its personal representative did not obtain the requisite ancillary authority to do so, and the Estate did not plead that the assets it is seeking to recover are located in Delaware, as required.  Nor could it.

For all these reasons, the Court should grant Defendants' Motion in its entirety.

1

## II.     PHL ISSUED THE POLICY FOR DELIVERY AND DELIVERED IT IN FLORIDA

For the Estate to have even the possibility of a claim under Delaware law, PHL must have issued the Policy for delivery and delivered it in Delaware. *See* 18 Del. C. § 2701. If PHL did not do so, the Delaware legislature has directed that Section 2704(b) does not apply here. *See id.* The FAC does not allege these necessary facts, rendering the Estate's Section 2704(b) claim defective on its face. *See generally* FAC. Beyond this fatal defect, the Estate's Opposition fails to address the documents relied upon in the FAC that establish PHL issued the Policy for delivery and delivered it in ***Florida***. *E.g.*, FAC Ex. A (Trust Agreement establishing Florida Trust); Goeller Decl. & RJN Ex. 1 (Application showing Mr. Long, a Florida resident, applied for the Policy, and the Florida Trust applied to be the owner); *id.* Ex. 2 at 18-20 (Policy stating PHL will comply with the "law of the state where this policy was delivered . . . as provided in Section 25" and Section 25 providing the Policy is governed by the "Florida Statutes"); FAC Ex. B ¶ 5 (Successor Trust Agreement stating the Policy was "issued for delivery to the Trust in the State of Florida").

The Estate makes two arguments why it should survive dismissal. ***First***, the Estate claims Ocean Gate, the purchaser of the Policy, wanted policies "to be governed by Delaware law and held by Delaware trusts." Opp. at 4. But Section 2701 states Chapter 27 of Title 18 of the Delaware Code does not apply to policies not issued for delivery and delivered in Delaware. It does not say Chapter 27 applies if the purchaser of a policy wanted the policy to be governed by Delaware law or held by a Delaware trust. Nor does such alleged desire change or override where a life insurance company issued and delivered a policy. 18 Del. C. § 2704(g) also does not help the Estate because it only applies to policies delivered in Delaware. Moreover, Section 2704(g) assumes Chapter 27 applies, and Chapter 27 does not apply because the Policy was delivered in Florida. The Estate also argues "the human life wagering transaction deliberately targeted

2

Delaware" (Opp. at 8), but the only life the Estate alleges was wagered on was Mr. Long's life, and Mr. Long lived in Florida, not Delaware.

*Second*, the Estate asks the Court to allow it to seek discovery to show PHL issued the Policy for delivery and delivered it in Delaware. But the Estate already obtained documents from PHL, and it did not attach any of those documents to the FAC to show PHL issued the Policy for delivery and delivered it in Delaware. *See* D.I. 29 at 6, 11. Those documents, as well as others, show PHL issued the Policy for delivery and delivered it in Florida. *Id.* at 3-6. Indeed, although the Estate now cites the Successor Trustee Agreement to argue the Trust was "deemed" to be in or "migrated" to Delaware (Opp. at 7), that agreement states the Policy was "issued for delivery to the Trust in the State of Florida." FAC Ex. B ¶ 5. Accordingly, the Estate fails to state a plausible claim, and Defendants should not have to incur any further costs to defend the Estate's implausible claim. *See, e.g.*, *Jefferson v. Ellenberger*, 2023 WL 8810801, at *2, *4 (M.D. Pa. Dec. 20, 2023) (dismissing complaint under Rule 12(b)(6) where plaintiff's allegations were "directly contradicted by the documents" and noting the "plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct").

*Third*, the Estate suggests that even if PHL did not issue the Policy for delivery and deliver it in Delaware, "Delaware has the most significant relationship" to its claims. Opp. at 1. But Delaware law, by its terms, claims no interest in policies not issued for delivery and delivered in Delaware. All the cases the Estate cites about the most significant relationship test do not apply here where the Policy was not issued for delivery and delivered in Delaware. In *Malkin*, the court explicitly noted "[t]he Policy was delivered to the policy owner . . . in Wilmington, Delaware." *Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n*, 2016 WL 161598, at *5 (S.D. Fla. Jan. 14, 2016). In *Brighthouse Life v. Geronta Funding*, 2019 WL 8198323, at *1-2 n.8 (Del.

3

Super. 2019), there is no mention of the policy having been issued or delivered outside of Delaware, and the parties agreed there was no conflict between Delaware and New Jersey law. The court therefore applied Delaware law.  Here, Delaware claims no interest in policies issued for delivery and delivered in Florida, while Florida law does.  *See* Fla. Stat. § 627.401(2).  Thus, even if Delaware law potentially applied (which it does not), Florida far and away has the most significant relationship.  *See* D.I. 29 at 13.

### III.    FLORIDA'S ESTATE CLAIM STATUTE WAS ENACTED AFTER PHL ISSUED THE POLICY, AND IT DOES NOT APPLY RETROACTIVELY

The Estate has no claim under Florida law because Fla. Stat. § 627.404(4) did not exist when PHL issued the Policy, and it does not apply retroactively.  The Policy was issued on April 11, 2007 (Goeller Decl. & RJN Ex. 2 at U001FLF1), and Section 627.404(4) was not enacted until over one year later, on July 1, 2008.  2008 Fla. Sess. Law Serv. Ch. 2008-36 (C.S.S.B. 648) (WEST), § 3.  In *Atkinson*, a Florida district court concluded Section 627.404(4) created an estate's statutory right of recovery "for the first time" with "no indication in the relevant staff analysis or statutory notes that the amendments were meant to apply retroactively."  2009 WL 1458020, at *3-4.  Furthermore, the Supreme Court of Florida has stated "even where the Legislature has expressly stated that a statute will have retroactive application, [the] Court will reject such an application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty."  *Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873, 877 (Fla. 2010).  The *Atkinson* court found Section 627.404(4) created a new right and was not intended to apply retroactively. Section 627.404(4) also imposes a new penalty for lack of insurable interest.  Section 627.404(4) therefore does not and cannot apply retroactively.

The Estate argues it is not seeking retroactive application of Section 627.404(4) because its "claim accrued after the statute was enacted—when Defendants received the Policy's benefits

4

in 2022." Opp. at 2. This is false, because to answer whether the Estate seeks retroactive application of Section 627.404(4), "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994). Here, the events relevant to Florida's insurable interest requirement occurred when PHL issued the Policy, as "insurable interest need not exist after the inception date of coverage under the contract." Fla. Stat. § 627.404(1). Section 627.404(4) therefore attaches a new legal consequence to events completed before Section 627.404(4)'s enactment. Accordingly, the Estate plainly seeks retroactive application of Section 627.404(4).

The Estate also asserts "Defendants do not dispute that, if Florida law applies, the Policy lacked insurable interest at inception under Florida law[.]" Opp. at 15. This is utterly false. That Defendants did not move to dismiss on insurable interest does not mean Defendants do not dispute insurable interest. *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1347 (4th ed.) ("Federal Rule of Civil Procedure 12(b) was designed to modernize civil litigation by promoting the expeditious and simultaneous presentation of defenses and objections ***before being required to respond to the substance of the case on its merits***.") (emphasis added). The Estate's position would mean a defendant must move to dismiss on every defense possible in a case; otherwise, it does not "dispute" any other issue in the case. That is absurd. The issues raised in Defendants' motion are threshold inquiries the Court can and should decide on a motion to dismiss. Ultimately, though, the fact PHL issued the Policy to the Trust before any sale to Ocean Gate establishes the Policy is valid under Florida and Delaware law.

Obviously aware it has no claim under Section 627.404(4), the Estate argues it "can also sue under Florida's common law" (Opp. at 16) but cites no law to support this assertion. Rather, the Estate cites only decisions about Florida's insurable interest requirement generally. None of

those decisions establish or even acknowledge that the estate of a deceased insured has a claim to the death benefits under a policy found to violate Florida's insurable interest requirements. The most direct authority on this point is *Atkinson*, which found Florida's Section 627.404(4) "created for the first time in Florida a statutory right of recovery by an estate against persons who receive insurance policy benefits if such persons did not have an insurable interest in the insured." 2009 WL 1458020, at *3. In fact, the *Atkinson* court noted "Florida common law and statutory law in effect in 2000 would be applicable in the analysis of this case" (*id.* at n.7) and found the *Atkinson* plaintiff, suing on behalf of an estate, "has not and cannot cite any applicable Florida statutory or case law that supports a right to institute this action against Defendants" to recover life insurance benefits for alleged lack of insurable interest. *Id.* at *3. The *Atkinson* court considered the state of Florida common law before Florida's Section 627.404(4) was enacted and rejected the argument the Estate now makes here that it has a claim under Florida's common law.

The *Atkinson* court also considered Section 627.404(4)'s legislative history in concluding "there is no indication in the relevant staff analysis or statutory notes that the amendments were meant to apply retroactively." *Id.* at *4. The Estate claims that legislative history states the bill amending Florida's insurable interest statute was "expressly intended to clarify current Florida law relating to insurable interests and the purchase of life insurance." Opp. at 17. However, the Estate omits the fact this statement was about clarifying Florida's insurable interest requirement, which existed long before the enactment of the insurable interest statutes and had nothing to do with an estate's right to recover a policy's death benefit. The transcripts from the legislative history make this clear. They state "what this bill does is codify when and how one can insure the -- the life of another person . . . Without the bill, we have basically very little definition of what insurable interest is in Florida" (Goeller Decl. & RJN Ex. 7 at 2:13-15, 34:25-35:2); "Current law prohibits

6

the issue of a life insurance policy to someone who does not have an insurable interest in the insured. But the statutes in the case law provide very little guidance in determining on whether an insurable interest exists." *Id.* Ex. 8 at 4:24-5:4. The legislative history the Estate cites says nothing about clarifying an estate's right to recover the death benefit, as there was no preexisting right in common law, and the Estate cites no decisions reflecting such right.

The Estate also argues in *Wells Fargo Bank, N.A. v. Pruco Life Ins. Co.*, 200 So. 3d 1202 (Fla. 2016), the Florida Supreme Court applied Section 627.404 to policies issued in 2005 and 2006. Opp. at 18. The Estate, however, does not mention subsection (4), which created an estate's claim for the first time in Florida, because subsection (4) was not at issue in *Pruco*. Indeed, the *Pruco* case was brought by a life insurance company, not an estate—a critical distinction the Estate omits. The only portion of Section 627.404 relevant to *Pruco* that could be relevant here is the insurable interest requirement, which applies to policies issued for delivery and delivered in Florida irrespective of the issue date. That is irrelevant to whether the Estate has a claim under Section 627.404(4). For the reasons discussed above, it does not.

IV. **PLAINTIFF LACKS STANDING TO BRING ITS CLAIMS**

   A. **Section 2704(b) Does Not Grant Plaintiff Standing**

Contrary to Plaintiff's claims, the Delaware Supreme Court in *Malkin* did not find Section 2704(b) confers standing on a foreign representative per se. Opp. at 19. The language Plaintiff quotes from *Malkin* (and *Berland*) merely clarify Section 2704(b) provides a cause of action to an estate under specific circumstances. In fact, the portion of *Malkin* Plaintiff cites addresses a ***defendant's*** ability to bring counterclaims and defenses; it has nothing to do with whether Section 2704(b) imparts standing on unrecognized foreign representatives.

Plaintiff next attempts to read into Section 2704(b) language it does not contain to argue the statute itself gives the Estate standing. Opp. at 19. Not so. As above, Section 2704(b) simply provides estates a cause of action to recover a policy's death benefit. Whether an estate has standing to bring such cause of action in Delaware's courts is a separate issue. Section 2704(b) does not state it supersedes Delaware's requirement that a foreign representative obtain ancillary authority to bring suit in Delaware, and there is nothing in its legislative history indicating otherwise. *See* 12 Del. Code §§ 1565, 1566. If merely having a cause of action were sufficient to bring suit, the pre-suit requirements of Sections 1565 and 1566 would be superfluous, which is an impermissible result of statutory interpretation. *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999) (even if a statute is ambiguous, "it should be construed in a way that will . . . harmonize with other statutes"); *Zambrana v. State*, 118 A.3d 773, 776 (Del. 2015) (prohibiting statutory interpretations that "yield mischievous results" and requiring statutes be construed "against surplusage if reasonably possible"). The way to harmonize Sections 2704(b) with Sections 1565 and 1566 is to read Section 2704(b) as providing representatives of estates who have authority to act in Delaware—i.e., domestic representatives and foreign representatives who have obtained ancillary authority—with a cause of action.

### B. Delaware Does Not Extend Comity and Plaintiff Cannot Cure Lack of Standing

The comity the Estate argues for is no longer the rule in Delaware. Opp. at 20. The *Riley* court stated the general rule is "if any portion of the estate of a decedent is situated in a foreign state, the domiciliary representative, apart from statute, cannot recover possession by suit without taking out ancillary letters in the foreign jurisdiction." *N.Y. Tr. Co. v. Riley*, 16 A.2d 772, 786 (Del. 1940). The *Riley* and *Fidelity* courts found comity applied "because of statutory provisions" in effect at that time providing foreign letters of administration were competent authority to bring suit in Delaware. *Id.* at 786 (citing Del. R. Code of 1935 §§ 3868-3870); *see also Fidelity Ins. v.*

8

*Niven*, 10 Del. 416, 425 (Del. 1878) (extending comity upon "examin[ing] the statute" granting comity). Neither these statutes, nor any corollary, are in effect today. There is no Delaware statute providing for recovery by a foreign representative absent ancillary authority, and the default rule noted in *Riley* and *Fidelity* applies: a foreign representative "cannot recover possession by suit without taking out ancillary letters." *Id.*

Plaintiff also argues—without support—its current effort to obtain ancillary authority will cure its lack of standing should it get it. Opp. at 20-21. Not so. Standing is a threshold requirement to invoke the court's jurisdiction and is measured at the time of filing; standing cannot be cured after the fact. *See, e.g.*, *Intellectual Ventures I LLC v. AT&T Mobility, LLC*, 203 F. Supp. 3d 436, 442 (D. Del. 2016) ("standing must be present at the time the suit is brought. If a plaintiff lacks standing at that time, the Court lacks subject matter jurisdiction and the case must be dismissed"); *Stuart Kingston, Inc. v. Robinson*, 596 A.2d 1378, 1382 (Del. 1991) (standing "refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or redress a grievance."); *Silliman v. DuPont*, 302 A.2d 327, 330 (Del. Super. Ct. 1972) ("a legally [recognized] plaintiff [i]s essential to the Court's ability to take cognizance of the matter").[2]

### C. Plaintiff's Speculation About What the Delaware Supreme Court *Might* Hold If These Issues *Were* Before It Is Irrelevant

Plaintiff posits the Delaware Supreme Court has "no concern" with foreign representatives suing in Delaware without ancillary authority based on the Supreme Court's acceptance of certified questions concerning the **statute of limitations** in *Frank*, a case where lack of standing was not

---

[2] Numerous courts are in accord. *See, e.g.*, *Haddon v. FS Invs. of Am., Inc.*, 2024 WL 5078380, at *3 (M.D. Fla. Dec. 11, 2024) ("the plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed. Thus, a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact."); *People's Tr. Ins. Co. v. Island Roofing & Restoration, LLC*, 320 So. 3d 817, 820 (Fla. Ct. App. 2021) ("a party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing").

raised and standing is not before the Supreme Court. Opp. at 20. This is unsupported speculation. Similarly, Plaintiff asserts, without authority, "all of the prior § 2704(b) cases litigated in the Delaware Supreme Court have involved non-Delaware insureds and non-Delaware estates." Opp. at 20. Even if true, it is irrelevant. The Supreme Court issues opinions addressing the issues presented to it. This standing issue has never been presented to it, let alone ruled on.

### D. Plaintiff Must Plead the Assets It Seeks Are Located in Delaware

Plaintiff does not address the Delaware authorities cited in Defendants' Motion that plainly state a foreign representative must plead the assets it seeks are located in Delaware. D.I. 29 at 17. Plaintiff merely argues Section 2704(b) does not contain such a requirement. Opp. at 19. Notwithstanding Plaintiff's reliance on *Riley* for its (incorrect) comity argument, Plaintiff ignores *Riley's* holding that a foreign representative's authority to bring suit in Delaware is limited to assets located in Delaware. *Riley*, 16 A.2d at 776 (an estate representative may "recover possession by suit" "any portion of the estate of a decedent [] situated in [the] foreign state."). Plaintiff similarly ignores Sections 1565 and 1566 of the Delaware code, which expressly limit a foreign representative's authority to assets located in Delaware. 12 Del. Code § 1566 (after complying with Section 1565, a foreign representative may only exercise its power "as to assets in this State."). Neither the Delaware Supreme Court nor the Delaware legislature minced words as to this issue: they said in no uncertain terms that a foreign representative's authority is limited to assets located in Delaware. Plaintiff fails to plead the death benefit is located or found in Delaware, or ever had been, independently rendering its FAC deficient.

### V. CONCLUSION

For the foregoing reasons, the Court should dismiss the FAC in its entirety with prejudice and grant such other and further relief as the Court deems just and proper under the circumstances.

10

| | |
|---|---|
| Dated: July 17, 2025 | **K&L GATES LLP**<br><br>*/s/ Steven L. Caponi*<br>Steven L. Caponi (No. 3484)<br>Robert K. Beste (No. 3931)<br>Matthew B. Goeller (No. 6283)<br>Michael J. Vail (No. 6994)<br>600 N. King Street, Suite 901<br>Wilmington, DE 19801<br>Phone: (302) 416-7000<br>steven.caponi@klgates.com<br>robert.beste@klgates.com<br>matthew.goeller@klgates.com<br>michael.vail@klgates.com<br><br>*Attorneys for Defendants BroadRiver III, LP and Cook Street Master Trust III* |