IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE ESTATE OF EWELL E. LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-358 (MN) |
| | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, BROADRIVER III, LP, | ) | |
| AND COOK STREET MASTER TRUST | ) | |
| III, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 13th day of August 2025, after a hearing on July 31, 2025 (D.I. 53),
and upon consideration of Defendants Wilmington Savings Fund Society, FSB, Broadriver III, LP,
and Cook Street Master Trust, III's ("Defendants") Motions to Dismiss (D.I. 28, 31) Plaintiff the
Estate of Ewell E. Long, by its representative, Carol A. Keiser-Long's ("Plaintiff") amended
complaint ("the Amended Complaint") (D.I. 26), the parties' briefing (D.I. 29, 32, 37, 40, 43, 44),
supporting materials (D.I. 30, 33, 38, 52), and discussion at the hearing (D.I. 53), Defendants'
Motions to Dismiss (D.I. 28, 31) will be denied for the reasons that follow.

**I.    THE COURT'S RULING**

The Court's ruling on the Motions to Dismiss was announced from the bench at the
conclusion of the July 31 hearing, (D.I. 53 at 43:21-48:8), as follows:

> I have before me Defendants' motions to dismiss Plaintiff's
> Amended Complaint, or, in the alternative, for a more definite
> statement. Defendants argue the Complaint fails to state a claim
> under either Delaware or Florida law.  I will deny the motions.
>
> On a motion to dismiss under Rule 12(b)(6), the Court accepts all
> well-pleaded factual allegations in the Complaint as true and views
> them in the light most favorable to the plaintiff, but nonetheless will
> dismiss any claim that fails as a matter of law or does not contain

sufficient factual matter to state a claim to relief that is plausible on its face.[1]

Next, the choice of law standard. "Delaware's choice of law approach entails a two-pronged inquiry. First, [the Court] compares the laws of the competing jurisdictions to determine whether the laws actually conflict on [the] relevant point."[2] If they do, then the Court determines "which state has the most significant relationship to the claim and to the parties."[3]

Defendants' first grounds for dismissal are essentially a choice of law argument. Count I of the Amended Complaint asserts a claim under Delaware law. Count II pleads an alternative violation under Florida law. Defendants say that Delaware law can only apply here if the disputed life insurance policy was "issued for delivery" or "delivered" in Delaware.[4] They also say that the policy was delivered in Florida, so Florida law applies and Count I should be dismissed. Both sides point to language in the Trust and Successor Trustee Agreements in support of their positions, as well as various allegations in the Complaint.[5]

For instance, the Complaint alleges that, "after the first year's premium was paid, the Trust – whose situs and domicile was Delaware – accepted delivery of the Policy."[6] It also alleges that "Delaware law was always intended to be and actually was the situs and domicile of the Trust at inception."[7] And the Successor Trustee Agreement says that "the Trust Administration Situs shall

---

[1]    *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[2]    *Pa. Emp., Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 466 (D. Del. 2010).

[3]    *Thomson Reuters Enter. Ctr. GmbH v. ROSS Intel. Inc.*, 529 F. Supp. 3d 303, 315 (D. Del. 2021).

[4]    18 Del. C. § 2701(2) ("This chapter applies to all insurance contracts and annuity contracts other than . . . [p]olicies or contracts not issued for delivery in this State nor delivered in this State.").

[5]    (*See, e.g.*, D.I. 26 ¶¶ 40-52; *id.*, Ex. A (Trust Agreement); *id.*, Ex. B (Successor Trustee Agreement)).

[6]    (D.I. 26 ¶ 52).

[7]    (*Id.* ¶ 41).

be deemed to be located solely in the State of Delaware" and governed by the laws of Delaware.[8] On the other hand, Defendants point out that the insured, his wife (the current estate representative), and the original Trust were all located in Florida at the time of the policy's issuance, and, moreover, that the Successor Trustee Agreement states that "the Trust is the policy owner of, and policy beneficiary under, a life insurance policy issued for delivery to the Trust in the state of Florida."[9]

These conflicting allegations show that whether the policy was issued for delivery in Delaware or Florida "is a factual question that is inappropriate to resolve at this early stage of the litigation."[10] On the face of the Complaint, which I must accept as true at this stage, there are allegations suggesting that it was issued for delivery or delivered in Delaware. Whether that is ultimately borne out in discovery remains to be seen.

Accordingly, I "do not find it appropriate at the motion to dismiss stage of this case to undertake a choice of law analysis"[11] and "will defer making a choice of law determination until there is a development of a more complete factual record."[12] Thus, I will deny Defendants' motion to dismiss on that score.

As to Count II, I cannot say at this point whether the Florida statute, Section 627.404(4), would apply in this case and allow the recovery sought or whether that would require retroactive applying of the law. I agree with Plaintiff that that issue is not straightforward and involves a much more complicated analysis of the state of Florida law prior to enactment of Section 627.404(4). I think that is an issue that will require additional argument and analysis and is not

---

8     (*Id.*, Ex. B ¶¶ 2, 3).

9     (*Id.* ¶¶ 3, 37 & Ex. B ¶ 5).

10    *Acrison, Inc. v. Rainone*, No. 22-3274, 2023 WL 8166786, at *3 (3d Cir. Nov. 24, 2023).

11    *Arcelik A.S v. E.I. du Pont De Nemours & Co.*, No. 15-961 (LPS), 2018 WL 1401327, at *9 (D. Del. Mar. 20, 2018).

12    *Zazzali v. Hirschler Fleischer, PC*, 482 B.R. 495, 517 (D. Del. 2012); *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 411 (D. Del. 2007) ("The Court agrees with Class Plaintiffs that analysis of the choice of law questions presented in this litigation should be deferred. This litigation is still in its infancy, and the Court concludes that these complex and sometimes dispositive choice of law questions should be made with the benefit of a more complete context for this litigation.").

appropriate for decision on these motions to dismiss. Accordingly, I will deny the motion to dismiss Count II.

In their papers, Defendants also challenged the Estate's statutory standing to sue on the basis that it has not obtained an order of appointment or letters of authority from the state of Delaware. The Complaint alleges that "Ms. Keiser-Long was appointed to serve as representative of the estate on June 2, 2022," in Florida.[13] And yesterday I received a notice of the issuance of the Letters of Ancillary Administration from Delaware, which I'm allowed to consider as a "document integral to or explicitly relied upon in the complaint."[14] I find that, at this stage, that is sufficient and Plaintiff has standing to move forward.

WSFS joined the arguments I have addressed.[15] It also argues, as a securities intermediary, it cannot be held liable here. The Amended Complaint alleges that "WSFS received the policy's death benefits proceeds."[16] That tracks both the Delaware and Florida statutes, which create liability for any "beneficiary that receives from the insured any benefits."[17] WSFS counters that the UCC proscribes its liability because it never retained the life insurance payout. But the Delaware Supreme Court has expressly "held that Section 2704(b) defendants may not assert a UCC § 8-115 defense because they are not faced with an 'adverse claim' as the Delaware UCC defines that term."[18] As already discussed, it is premature to engage in the choice of law analysis, so I will not accept WSFS's argument that New York law applies at this time.

Finally, WSFS asserts that it is immune from suit here because it is preempted under various banking statutes. I'm not going to address that at this point. I don't think it's clear that that is the case, but certainly those issues can be raised again at summary judgment.

---

13    (D.I. 26 ¶ 3).

14    (D.I. 52 & Ex. 1); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation and emphasis omitted).

15    (*See* D.I. 33).

16    (D.I. 26 ¶¶ 54-57).

17    18 Del. C. § 2704(b); Fla. Stat. § 627.404(4).

18    *Wells Fargo Bank, N.A. v. Est. of Malkin*, 278 A.3d 53, 67 (Del. 2022).

That's my ruling on the motion to dismiss. I will issue an order that sets out with some citations my ruling. I will also deny the motion for a more definite statement. I find that the complaint adequately states a claim under each of the Delaware and Florida statutes. That being said, Plaintiff pleads those two counts in the alternative, so it will ultimately have to proceed on only one of them. So that's my ruling.

## II.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (D.I. 28, 31) are DENIED.

The Honorable Maryellen Noreika
United States District Judge

5